### GORDON *vs.* NELSON.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CONCORDIA, JUDGE DAVIS PRESIDING.

The holder of a note endorsed in blank by the payee and others, whose names precede *that* of the plaintiff himself, he may strike out all the subsequent and special endorsements, and recover against the maker.

Where a commission to take the deposition of witnesses, is directed to a *person by name*, as a commissioner in another state, there is no necessity of proving his signature.

If the return or certificate of the commissioner, is attached to the deposition by a wafer, and returned with it, it is sufficient.

WESTERN DIST.
October, 1840.

GORDON
vs.
NELSON

Where a note and protest are permitted to be read in evidence, without objection, it is too late to question the signatures thereto, for want of proof.

The plaintiff instituted suit against the defendant, as maker of the following promissory note:

$5500.        "*Vidalia, (La.) March 4, 1838.*"

Twelve months after date, I promise to pay Silas Lillard, or order, $5500, value received, payable at the office of discount and deposit of the Mechanics' & Traders' Bank of New-Orleans, at Vidalia."     "WILLIAM NELSON."

(Endorsed.)   "Silas Lillard, Robert Slaughter, Benjamin Lillard, William Slaughter, John Covington, Henry R. Menafee, Bazil Gordon."

(Special endorsements.)   "Pay to the order of A. Robinson, Jr., Cashier, by L. Venally."

"Pay W. A. Dunlap, Esq., Cashier, or order."

"W. E. LEVERICH, Cashier."

The notary states, that at the request of W. A. Dunlap, cashier of the Mechanics' & Traders' Bank, at Vidalia, he went to the bank where the note was made payable, and exhibiting the note to the cashier, demanded payment of the same; and finding there neither maker or endorsers, and no person offering to pay, he protested, &c.

He certifies, that not knowing the residence of any of the endorsers, except Lillard, he enclosed notices addressed to them, to A. Robinson, Jr., cashier, in Richmond, Virginia, which he deposited in the post-office at Natchez, being the nearest, on the same day; and that he deposited notices for Lillard and Nelson in the same post-office, on same day.

The plaintiff prays judgment for the amount of his debt, and that the property mortgaged to secure payment, be sold to satisfy his judgment.

The defendant admitted his signature to the note, and denied specially every other allegation in the petition, and prays for a trial by jury.

Upon these pleadings and issues, the cause was tried.

There are several bills of exception to the admission of the depositions of witnesses, taken by commission out of the state, which are fully stated in the opinion of this court.

WESTERN DIST.
October, 1840.

GORDON
vs.
NELSON.

The note and protest were allowed to be read in evidence without objection.

There was judgment for the plaintiff, for the amount of the note sued on, with mortgage, and that the mortgaged property be sold to satisfy said judgment. The defendant appealed.

*Hyams,* for the plaintiff, showed that he had a right to strike off the endorsements, either before or at the trial. They were not necessary to convey title to the note, which passed by delivery after the blank endorsement of the payee. As to subsequent endorsements to the plaintiff's name, there could be no doubt.

2. The depositions were properly admitted. When a commission is directed to a commissioner by name, there is no necessity of proving his signature to the certificate or *procès verbal* of the depositions. His certificate was attached to the deposition by a wafer, and all were enclosed in one envelope to the clerk, which is all that is required.

*Stacy,* for the defendant, insisted on the various objections raised to the right of the plaintiff to sue, his striking out the endorsements, and the irregularities in the taking and certifying the depositions.

*Garland, J.,* delivered the opinion of the court.

The defendant appeals from a judgment rendered against him, as the maker of a promissory note, dated March 4, 1837, payable twelve months after date, to the order of Silas Lillard, for five thousand five hundred dollars, secured by mortgage on a tract of land and several slaves. He does not deny the justice of the demand, but relies upon objections, to avoid payment, most of which are more technical than sound.

The first objection is a variance between the note set out in the petition, and the one offered in evidence. It is not denied that the note is that of the defendant, or that it does not appear to have been endorsed to plaintiff, though the suffici-

ency of the evidence of the endorsements is questioned. The alleged variance consists in the petition not setting forth that certain special endorsements were on the back of the note, subsequent to that of the present plaintiff, which, when the note was produced, had been erased. The counsel for the appellant contends, the plaintiff should have set out in his petition these several endorsements, and the reason why they were erased; also, that he should trace back into himself the title to the note, before he could recover. We do not think so. In the case of *Huie* vs. *Bailey*, argued and decided at the present term, *ante* 213, we had the same question presented; and in connection with this case, we have examined all the decisions of this court, and the various authorities relied upon, and refer to our conclusions in it. The note is endorsed in blank by the payee and all the endorsers who precede the plaintiff. He had a right to strike out all subsequent endorsements and recover on it, unless something is shown to rebut his *prima facie* title to it, by possession.

The holder of a note, endorsed in blank by the payee, and others whose names precede *that* of the plaintiff himself, he may strike out all the subsequent and special endorsements, and recover against the maker.

We have looked into the cases cited by the defendant's counsel. They do not apply to this case. They assert a principle as old as suits have been known, that the *allegations* and the proof must agree. In this case there is no allegation relative to the erased endorsements, and it was not necessary for the plaintiff to say any thing about them, or allude to them, any more than he would to any other immaterial memorandum on it. They were of no effect: 6 *Martin, N. S.,* 649.

Where a commission to take the deposition of witnesses, is directed to a person *by name,* as a commissioner in another state, there is no necessity of proving his signature.

A commission was sent to James B. Jones and three other persons, or either of them, in Rappahannock county, in the state of Virginia, to take the testimony of three witnesses who are named. Jones took three depositions, and returned them. But, it is alleged, one of them is not the person named in the commission. These depositions were objected to:

1. Because there is no proof of the signature of the commissioner, Jones. We do not consider it necessary. The court had a right, under the 437th *article* of the *Code of Practice,* to appoint a commissioner, or any number of them, and having done so by name, it approaches very nearly to an ab-

surdity, to contend his signature should be proved, and thus make it necessary to send another commission to obtain evidence of it.

WESTERN DIST.
October, 1840.

GORDON
vs.
NELSON.

2. It is contended, the depositions of all the witnesses ought to be rejected, because a mistake has been made in the name of one of them. We know of no law requiring or authorizing it ; and as the depositions of two of the witnesses are properly taken, and they prove enough to sustain the judgment, we deem it unnecessary, to decide upon the deposition of the third witness.

3. It is said the depositions are not properly authenticated, as the certificate of the commissioner is on a separate piece of paper. That is true ; but it is attached with a wafer to the depositions, and returned with them, and presented to the court at the same time. That is a sufficient compliance with the law.

*If the return or certificate of the commissioner is attached to the deposition by a wafer, and returned with it, it is sufficient.*

4. It is said the plaintiff has not shown a title to the note. The defendant has not impeached his *prima facie* right of possession, and if he had, the evidence is very sufficient to show the note belongs to the plaintiff. Two witnesses swear to the signatures of all the endorsers except the first, and the defendant having permitted the note and protest to be read as evidence, without objection upon that point, it is too late to question it now.

*Where a note and protest are permitted to be read in evidence, without objection, it is too late to question the signatures thereto, for want of proof.*

So far from seeing any thing that requires us to disturb the judgment, we should have felt ourselves bound to give damages for a frivolous appeal, if it were not that the case comes up at a time when the court was examining its previous opinions, relative to the erasing of special endorsements.

The judgment of the District Court is, therefore, affirmed, with costs.